UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ROBERT WEST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEN IRWIN, et al.,<br><br>　　　　Defendants. | NO. CV-04-5012-LRS<br><br>ORDER PROTECTING PERSONNEL<br>RECORDS FROM DISCLOSURE |

　　　Pursuant to the Court's order dated March 7, 2006, Defendants' counsel submits the following proposed protective order, which will also be provided as a word processing document file by email to the Court pursuant to the Court's administrative procedures for electronic case filing.

　　　1.  By order filed March 7, 2006, the Court granted plaintiff an opportunity to view, through plaintiff's counsel and her paralegal, certain Yakima County personnel records of defendants James Sherman, Richard Roy, and Gary Kouba (the "Personnel Records"), and to obtain upon designation copies of those records dated 1997 forward, relating to employee supervision, training, discipline, veracity, and employment misconduct to the extent the same are deemed relevant to this lawsuit.

　　　2.  Plaintiff may not obtain copies of any Personnel Records dated prior to 1997 without further leave of the Court.

ORDER PROTECTING PERSONNEL RECORDS - 1

Plaintiff's counsel and her paralegal may not disclose to plaintiff or any other person any information obtained or derived from viewing any Personnel Records dated prior to 1997 without further leave of the Court.

3. Plaintiff's counsel may permit Plaintiff to view the copied documents but Plaintiff shall not be provided with a copy thereof nor shall he disclose the contents thereof orally, in writing, or by any other means. Except as noted in paragraph 5 hereafter, counsel for Plaintiff shall not photocopy, disseminate, or otherwise transmit the documents or contents thereof to any person nor shall she allow others to have possession of the documents which are provided to her pursuant to discovery in this lawsuit.

4. Plaintiff's counsel may provide a copy of the documents obtained pursuant to paragraph 1 above with one or more experts retained for purposes of this suit. As a condition for and prior to receiving any Personnel Record or information derived from any Personnel Record, any expert(s) retained by Plaintiff shall be required to sign an appropriate written acknowledgment indicating he/she has received a copy of this Order and agrees to be bound by its provisions and will not disclose, share the contents of, or distribute any Personnel Record or information derived from any Personnel Record to others, and will use the materials provided solely for purposes of this suit or as otherwise directed by court order. If the court requires that the identity of outside experts and consultants be disclosed, a copy of all agreements to be bound which have been executed by such persons shall be furnished to the defendants upon request.

///

ORDER PROTECTING PERSONNEL RECORDS - 2

1     5. All copies of documents produced pursuant to this order
2  shall be returned to defense counsel at the conclusion of this case
3  and shall not be retained by Plaintiff.

4     6. Copies of the Personnel Records and information derived from
5  the Personnel Records may be used for motions and briefs so long as
6  any such use is consistent with the limitations on disclosure
7  reflected herein.  Furthermore, no copy of the Personnel Records or
8  any information derived from the Personnel Records shall be used for
9  any purposes unless it, or the portion of the court paper where it
10 is revealed, is appropriately marked "Contained Protected
11 Information" and filed under seal with the court.

12    7. For the convenience of the parties, court and the clerks
13 thereof, any court paper that contains both protected and other
14 material may be filed entirely under seal.

15    8. No Personnel Record or information derived from any
16 Personnel Record may be disclosed to any person except as provided
17 in paragraphs 3 and 4 of this order pending further order of the
18 Court upon motion duly filed in advance of any such requested
19 disclosure.

20    9.  Any inadvertent or unintentional disclosure of any
21 Personnel Record or information derived from any Personnel Record
22 shall not be construed to be a waiver, in whole or in part, of the
23 defendants' right to protection under this order either as to the
24 specific information disclosed or as to any other information
25 relating thereto.

26    10. A breach of the provisions of this protective order may be
27 subject to sanctions in the discretion of the court.  The
28 ///

ORDER PROTECTING PERSONNEL RECORDS - 3

1 remedy for such a breach shall be determined by and at the
2 discretion of the court.
3     11.  The provisions of this order shall survive and remain in
4 full force and effect after the entry of a final order (including
5 any appellate proceedings) in this action, whether by settlement or
6 litigation.
7     12.  The defendants' compliance with this order does not
8 constitute an admission or agreement that any Personnel Record or
9 information derived from any Personnel Record is subject to
10 discovery, or is admissible as evidence, in this action.
11 Designation of any Personnel Record or information derived from any
12 Personnel Record, as subject to this order shall have no meaning or
13 effect whatsoever with respect to the substantive issues in this
14 proceeding or the claims or defenses of any party hereto.
15     13. This court retains jurisdiction, both before and after the
16 entry of a final order in this action (whether by settlement or
17 litigation), to construe, enforce, and amend the provisions of this
18 order.  The parties contemplate that the treatment of protected
19 information to be introduced at trial shall be the subject of a
20 later order.
21     14.  Nothing in this order shall prevent any party or nonparty
22 to this action from seeking modification of this order or from
23 objecting to any use of Personnel Records or information derived
24 from Personnel Records that it believes to be otherwise improper.
25     DATED this 14th day of March, 2006.

                                        ***s/Lonny R. Suko***
                              _____
                                    LONNY R. SUKO
                         UNITED STATES DISTRICT JUDGE