UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ROBERT WEST, <br><br>    Plaintiff, <br><br>  -vs- <br><br> KEN IRWIN, in his official and individual capacities; JAMES W SHERMAN, in his official and individual capacities; GARY KOUBA, in his official and individual capacities; RICHARD ROY, in his official and individual capacities; BRAD MARTIN, in his official and individual capacities; THOMAS L. GAGE, in his official and individual capacities; YAKIMA, COUNTY; and KELLY MARTIN, in his official and individual capacities, <br><br>    Defendants. | NO. CV-04-5012-LRS <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

BEFORE THE COURT is Defendants' Motion For Summary Judgment (Ct. Rec. 115) filed on February 28, 2006; and Defendants' Motion to Strike Evidence Submitted by Plaintiff (Ct. Rec. 159) filed on March 28, 2006. A hearing was held March 31, 2006 in Yakima, Washington. Karen Koehmstedt participated on behalf of the Plaintiff Mark Robert West; Lawrence Peterson participated on behalf of all named Defendants. The Court having considered the oral and written argument of counsel, enters this Order to memorialize the oral rulings of the Court which are incorporated herewith by reference. Accordingly,

ORDER GRANTING DEFENDANTS' MOTION .... - 1

1  **IT IS ORDERED** that:

2  1.  Defendants' Motion for Summary Judgment, **Ct. Rec. 115**, filed on
3  February 28, 2006 is **GRANTED.**  Plaintiff has not demonstrated any section
4  1983 liability.  Plaintiff's claims for violation of 42 U.S.C. § 1983,
5  §1985, §1988 and the 4th, 5th, and 14th Amendments are hereby **DISMISSED**
6  **with prejudice**.  The Court finds that the plaintiff was not deprived of
7  a right secured by the Constitution.

8  The Court concludes that a reasonable officer confronted with the
9  facts and circumstances known to Deputies Sherman, Kouba, Roy, and Martin
10 at the time of West's arrest would have determined that probable cause
11 existed for the arrest.  Although later alibi evidence cleared the
12 plaintiff, the arresting officer(s) acted reasonably, in good faith, and
13 did arrest the plaintiff who was the person named in the supporting
14 paperwork submitted to Superior Court Judge Michael Leavitt, resulting
15 in a facially valid warrant being issued.

16 No showing has been made from which the trier of fact could
17 reasonably conclude that the arresting and investigating deputies
18 conducted a reckless investigation.  See *Broam v. Bogan*, 320 F.3d 1023,
19 1032 (9th Cir.2003) ("[A] law enforcement officer is not required by the
20 Constitution to investigate independently every claim of innocence,
21 whether the claim is based on mistaken identity or a defense such as lack
22 of requisite intent." (internal quotation marks omitted)).

23 Plaintiff has failed to show that the alleged constitutional injury
24 resulted from the implementation or execution of a government policy or
25 custom made by those whose edicts or acts may fairly be said to represent
26 official policy.  In the absence of a constitutional violation by the

Defendant deputies, Defendant Yakima County cannot be held liable under 42 U.S.C. §1983 based on the facts before the Court. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Finally, a state actor, such as a law enforcement officer, is entitled to qualified immunity in an action filed under § 1983 if his or her conduct during a criminal investigation either does not violate a federal constitutional right, or the constitutional right was not clearly established on the date of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

2. Defendants' Motion to Strike Evidence, **Ct. Rec. 159**, filed on March 28, 2006 is **DENIED without prejudice**. The Court considered the evidence for purposes of Defendants' summary judgement motion only. The Court, however, recognizes that Defendants have grounds to renew their motion.

3. **Remaining State Law Claims:** All that remains in this case, having dismissed plaintiff's claims for violation of 42 U.S.C. §1983, are state law tort claims (false arrest and imprisonment, malicious prosecution, malicious abuse of process, conspiracy, negligent and/or intentional infliction of emotional distress, outrage, defamation, and negligence--plaintiff has withdraw his state law claims for assault and battery).

"[I]n the ususal case in which federal-law claims are eliminated before trial, the balance of factors . . . points toward declining to exercise jurisdiction over the remaining state-law claims."

*Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir.1002) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988). Under 28 U.S.C. §1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Court having dismissed plaintiff's federal claims, declines to exercise supplemental jurisdiction over any remaining state law claims.

Plaintiff's state law claims are accordingly **DISMISSED without prejudice**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 4th day of April, 2006.

*s/Lonny R. Suko*
───────────────────────────
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE